ing. Having chosen to repay part of the money received by him, to B. K. Hines, instead of applying the same to the full discharge of the debts due to the various companies, Loomis was representing, the surety is discharged to the extent of such money repaid.

We also agree with the assertion of plaintiff in error that the arrangement for the taking of the assignment of estimates due the principal, B. K. Hines, without the knowledge and consent of The United States Fidelity & Guaranty Company, amounts to a material alteration of the contract, which operated as a discharge of the surety. A reading of the suretyship contract which The United States Fidelity & Guaranty Company signed, discloses that it provides that payments should be made by the county commissioners to the contractor B. K. Hines. It did not provide that such payments should be made to one of his creditors. The funds due to the principal are not the subject of an assignment. The principal has no legal right or power to assign such funds to a creditor whom he may choose to prefer. The funds belong as much to the surety as to the principal, and cannot be diverted by him to the payment of any one creditor. In this arrangement between Loomis as Treasurer of the Johnson Material Company, The Allied Products Company, and The Goff-Kirby Company, and B. K. Hines, the rights of the surety company are materially affected. The surety had a right to retain the funds for its own use in the event that it may be required to take over and complete the contract upon the default of the principal contractor. Mr. Loomis, in acting as he did, sought to make his own private arrangements in behalf of his companies for additional protection by becoming the custodian of the funds due B. K. Hines under the contract. The surety company was not at any time consulted by Mr. Loomis, nor asked to give its judgment as to the proper distribution of the funds so assigned to him. When Mr. Loomis assumed financial control of the contract, he thereby deprived B. K. Hines of his own judgment and ability to procure and pay for materials where and as he chose. This arrangement was not within the contemplation of the surety when it executed the bond.

It will be observed that the bond executed by the surety company does not expressly mention the Allied Products Company. The Allied Products Company seeks the benefit of the protection of the bond by virtue of the general code which extends to material

men the benefit of such bond. Generally speaking, a suretyship contract for the performance of public work, which under the law is operative for the benefit and protection of laborers, mechanics and material men, will be effective for their protection regardless of changes and alterations subsequently made between the principal contractor and the other contracting party, even though the same are made without the knowledge and consent of the surety on the contractor's bond. This is so because the laborers, mechanics and material men have no control of the sections of the contracting parties.

In the case at bar, however, not only did The Allied Products Company have knowledge but participated through its agent, Loomis, in bringing about material changes in the manner of payment under the construction contract.

We are of the opinion that the trial court committed error in overruling the motion of the plaintiff in error for judgment. The judgment of the Common Pleas Court is ordered reversed and final judgment is entered in favor of the plaintiff in error.

McGILL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.

---

## CHAMBERS v HOLTCAMP, Exr

Ohio Appeals, 6th Dist, Ottawa, Co

No 152. Decided March 6, 1933

Graves & Duff, Port Clinton, for plaintiff in error.

Geer & Lane, Toledo, and Oliver True, Port Clinton, for defendant in error.

Hamilton & Kramer, Columbus, for plaintiff in error.

Howard Morgan Jones, Columbus, and Vickery & Vickery, Bellevue, for Mover, defendant in error.

**BY THE COURT**

Submitted on motion of defendant in error to strike the petition in error from the files and for dismissal upon the grounds:

1. Said petition was not filed within the time set by the General Code of the State of Ohio for the commencing of an action in error.

2. The order upon which said petition in error was predicated was not a final order upon which such proceeding could be based.

An examination of the record discloses that the error proceedings is directed to an order of the trial court overruling a motion to strike the fifth amended petition of defendant in error from the files and for other errors plainly apparent on the face of the record.

The second claimed error does not enlarge the scope of the petition in error upon the record.

We do not deem it necessary to pass upon the first ground of the motion because a determination of the second ground is dispositive of this case and we think there is no question about the law controlling the facts as presented.

It is fundamental that error can only be prosecuted from a final order or judgment; insofar as pertinent to this case a final order is defined in §12258 GC as:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment * * *."

The overruling of the motion to strike the fifth amended petition was not a final order. The status of the case at that time was such that the defendant could have demurred or answered. Either proceeding may have resulted favorably to the plaintiff in error. It may be, as urged by counsel for plaintiff in error, that the refusal to strike the fifth amended petition affected a substantial right of the plaintiff in error but it did not meet the further requirement of the statute, namely, "determine the action and/or prevent a judgment."

RICHARDS, WILLIAMS and LLOYD, JJ, concur.

**BERRY v AMERICAN ENDOWMENT CO**

Ohio Appeals, 2nd Dist, Franklin Co

No 2264. Decided March 2, 1933